T.C. Memo. 1997-363

UNITED STATES TAX COURT

ALBERT R. CUJAS, JR., & SUSAN W. CUJAS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10476-96.                    Filed August 6, 1997.

Albert R. Cujas, Jr., pro se.

<u>J. Craig Young</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, <u>Judge</u>:  Respondent determined the following
deficiencies in and additions to petitioners' Federal income
taxes:

<u>Albert R. Cujas, Jr.</u>

|  |  | Additions To Tax | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654(a) |

| 1992 | $13,005 | $3,251 | $457 |
| 1993 | 5,172 | 1,293 | 217 |

Susan W. Cujas

| | | Additions To Tax | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654(a) |
| 1992 | $4,528 | $1,132 | $127 |
| 1993 | 5,172 | 1,293 | 217 |

All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. The issues for decision are as follows:

1.  Whether petitioners failed to report income. We hold that they did to the extent provided below.

2.  Whether petitioners, pursuant to section 72(t), are liable for a 10-percent additional tax on early distributions they received in 1992 from their individual retirement accounts (IRA's). We hold that they are liable.

3.  Whether petitioners, pursuant to section 1401, are liable for self-employment tax. We hold that they are liable to the extent provided below.

4.  Whether petitioners, pursuant to section 6651(a)(1), are liable for additions to tax for failure to file timely Federal income tax returns. We hold that they are liable to the extent provided below.

5.  Whether petitioners, pursuant to section 6654(a), are liable for additions to tax for failure to make estimated tax payments.  We hold that they are liable to the extent provided below.

6.  Whether petitioners have asserted frivolous and groundless arguments that warrant the imposition of a penalty pursuant to section 6673.  We hold that a penalty is not warranted.

### FINDINGS OF FACT

Some of the facts have been stipulated and are so found.  At the time their joint petition was filed, petitioners' mailing address was in Kernersville, North Carolina.

During the years in issue, Albert Cujas was married to Susan Cujas and was self-employed as a physical therapist.  Petitioners filed a joint Federal income tax return for 1991, but did not file returns for 1992 or 1993.  The Internal Revenue Service audited petitioners' 1991 return, and Agent Jerry Gardner was assigned to the case.  He notified petitioners in writing that their 1991 return was being audited.  In this correspondence, he asked petitioners to meet with him and to provide records relating to their 1991 income and expenses.  Petitioners did not comply with Agent Gardner's requests.

After Agent Gardner had completed his audit of petitioners' 1991 return, he began an audit relating to petitioners' 1992 and

1993 tax years.  He did not, however, notify petitioners that they were being audited for 1992 and 1993 and did not request records from them relating to these years.  During the audit, he obtained information returns (i.e., Forms 1099) indicating that petitioners had received income in 1992 as follows:

### Albert R. Cujas, Jr.

| Payor | Type of Payment | Amount |
| --- | --- | --- |
| Maultsby Orthopedic Clinic PA | Compensation | $1,867 |
| St. John Neuromuscular Therapy Seminars | Compensation | 13,214 |
| Matol Botanical International Ltd. | Compensation | 630 |
| State of N.C. Health Plan | Compensation | 2,302 |
| Hartford Life Insurance Co. | Compensation | 677 |
| State Employees Credit Union | IRA distribution | 25,623 |
| State Employees Credit Union | Interest | 493 |

### Susan W. Cujas

| Payor | Type of Payment | Amount |
| --- | --- | --- |
| Northwest Child Development Council, Inc. | Compensation | $4,702 |
| The Investment Company of America | Dividends | 95 |
| State Employees Credit Union | Interest | 114 |
| State Employees Credit Union | IRA distribution | 10,973 |
| Capital Guardian Trust Co. | IRA distribution | 4,902 |

After receiving this information, Agent Gardner contacted some of the payors and obtained written verification of the items.

Agent Gardner did not obtain any evidence that petitioners received income relating to 1993.  He proceeded to reconstruct petitioners' income for that year using data published by the Bureau of Labor Statistics (BLS) and determined that each petitioner incurred personal living expenses and received self-employment income of $21,339.  He also determined that:  (1) For 1992, petitioners were each liable for a 10-percent additional

tax on early distributions they received from their IRA's; and (2) for 1992 and 1993, petitioners were each liable for self-employment tax, additions to tax for failure to file timely Federal income tax returns, and additions to tax for failure to make estimated tax payments.

Based on the results of Agent Gardner's audit, respondent on February 29, 1996, issued a separate notice of deficiency to each petitioner.

OPINION

## I. Unreported Income

Generally, the Commissioner's determination is presumed to be correct, and the taxpayer bears the burden of proving that it is erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Some courts, however, have declined to accord a presumption of correctness to the Commissioner's determination of unreported income where the Commissioner simply relies on the presumption without introducing sufficient evidence linking the taxpayer to an income generating activity. Williams v. Commissioner, 999 F.2d 760, 763 (4th Cir. 1993), affg. T.C. Memo. 1992-153; Anastasato v. Commissioner, 794 F.2d 884, 886-887 (3d Cir. 1986), vacating and remanding T.C. Memo. 1985-101; Jackson v. Commissioner, 73 T.C. 394, 401 (1979). The Commissioner need only provide a minimal amount of evidence. Williams v. Commissioner, supra at 766; Weimerskirch v. Commissioner, 596

F.2d 358, 361 (9th Cir. 1979), revg. 67 T.C. 672 (1977). If the Commissioner fails to provide sufficient evidence, the deficiency determination is arbitrary, and the Commissioner will bear the burden of coming forward with evidence to establish the existence and amount of any deficiency. Jackson v. Commissioner, supra.

Based on information reported on Forms 1099, respondent determined that in 1992 petitioners received income from several sources. Based on BLS data, respondent determined that in 1993 petitioners received self-employment income. We now address the validity of each of these determinations.

A. 1992 Tax Year

Respondent determined that during 1992 each petitioner received income from IRA distributions, self-employment, and interest, and that Mrs. Cujas received dividend income. These determinations were based on information reported on Forms 1099 issued by the payors.

Mrs. Cujas conceded that during 1992 she received funds from the sources and in the amounts determined by respondent. She has failed to establish that these funds are excludable from her gross income. Accordingly, we hold that these funds are includable in her gross income. See secs. 61(a), 72, 408(d)(1).

In his brief, Mr. Cujas conceded that during 1992 he received: (1) $25,623 from his IRA at the State Employees Credit Union; (2) $2,302 from Blue Cross/Blue Shield of North Carolina;

and (3) $1,867 from the Maultsby Clinic.  He has failed to establish that these funds are excludable from his gross income.  Accordingly, we hold that these funds are includable in his gross income.  See secs. 61(a), 72, 408(d)(1).

The remainder of respondent's determinations relating to Mr. Cujas for 1992 were supported by evidence.  Respondent obtained Forms 1099 indicating that Mr. Cujas received:  (1) $13,214 from St. John Neuromuscular Therapy Seminars; (2) $630 from Matol Botanical International Ltd.; (3) $677 from Hartford Life Insurance Co.; and (4) $493 from the State Employees Credit Union.  Therefore, we conclude that respondent obtained sufficient evidence to link Mr. Cujas to these funds.  As a result, Mr. Cujas bears the burden of proving that respondent's determinations relating to these funds are erroneous.  He has failed to provide any credible evidence to carry his burden of proof.  Accordingly, we hold that these funds are includable in his gross income.  See sec. 61(a).

B.  1993 Tax Year

Respondent determined, using BLS data, that during 1993 each petitioner had gross income of $21,339.  Every taxpayer is required to maintain adequate records of taxable income.  Sec. 6001.  If the taxpayer fails to maintain such records, the Commissioner may reconstruct income in accordance with a method that clearly reflects income.  Sec. 446(b); Meneguzzo v.

Commissioner, 43 T.C. 824, 831 (1965).  When the Commissioner has evidence of taxable income but does not have information available to ascertain the amount of such income, the Commissioner may use BLS data to determine that the taxpayer had income at least equal to the normal cost of living.  Giddio v. Commissioner, 54 T.C. 1530, 1533 (1970).

Prior to issuing notices of deficiency, respondent did not contact petitioners and did not obtain any evidence linking petitioners to an income generating activity relating to 1993. Nevertheless, respondent proceeded to use BLS data to reconstruct petitioners' 1993 income.  Therefore, respondent's determinations relating to petitioners' 1993 tax years are arbitrary, and respondent bears the burden of coming forward with evidence to establish the existence and amount of any deficiency.  Jackson v. Commissioner, supra at 401; cf. Giddio v. Commissioner, supra (holding that it is not arbitrary for the Commissioner to use BLS data to reconstruct a taxpayer's income when the Commissioner has evidence of taxable income).

Respondent has failed to present sufficient evidence to establish the existence and amount of the deficiencies relating to 1993.  Although Mr. Cujas testified that he was self-employed as a physical therapist during 1993, respondent has failed to establish the amount of funds that Mr. Cujas may have received during 1993 for such services.  Therefore, respondent has failed

to meet his burden of proof.  Accordingly, we hold that petitioners are not liable for the deficiencies relating to 1993.

II.  Respondent's Other Determinations

Respondent determined that:  (1) For 1992, petitioners were each liable for a 10-percent additional tax on early distributions they received from their IRA's; and (2) for 1992 and 1993, petitioners were each liable for self-employment tax, additions to tax for failure to file timely Federal income tax returns, and additions to tax for failure to make estimated tax payments.  We have held for 1993 that petitioners are not liable for deficiencies relating to respondent's determination that they received income.  As a result, petitioners are not liable for the self-employment tax and additions to tax relating to 1993. Petitioners bear the burden of proving that the determinations relating to 1992 are erroneous.  Rule 142(a).  Petitioners introduced no evidence relating to these determinations. Therefore, they are liable for the taxes and additions to tax relating to 1992.

III.  Respondent's Motion for a Section 6673 Penalty

Respondent submitted a motion for the imposition of a penalty under section 6673.  Section 6673(a)(1) authorizes this Court to impose a penalty in favor of the United States in an amount not to exceed $25,000 whenever it appears that the taxpayer's position in a proceeding is frivolous, groundless, or

instituted primarily for delay.  We conclude that such a penalty is inappropriate in the present case and deny respondent's motion.

All other arguments made by the parties are either irrelevant or without merit.

To reflect the foregoing,

An order denying respondent's motion for a penalty will be issued, and decision will be entered under Rule 155.